**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1523
_____

RICHARD ALFANSO SMITH, AKA Alfonso Smith,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-307-911)
Immigration Judge: Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 16, 2020
Before: MCKEE, SHWARTZ, and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 13, 2021)
_____

OPINION[*]
_____

PER CURIAM

Richard Alfanso Smith petitions for review of a decision by the Board of

Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Smith, a citizen of Jamaica, was admitted to the United States in February 1987 as a lawful permanent resident. In 2006, Smith was convicted of aggravated assault. He also had prior convictions for trafficking cocaine and possession of marijuana. In February 2016, Smith was charged as removable for, inter alia, having committed aggravated felonies. He conceded removability on one aggravated felony and contested another. An Immigration Judge (IJ) found him removable on both aggravated felony charges.

Smith filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), alleging that if he returned to Jamaica, he would be subjected to discrimination and violence for harboring his lesbian sister. Based on Smith's convictions for particularly serious crimes, the IJ determined that he was only eligible for deferral of removal under the CAT. The IJ denied deferral of removal, concluding that Smith could not demonstrate that it was more likely than not that he would be subject to torture if he returned to Jamaica. The IJ also determined that Smith was not eligible for cancellation of removal because he had been convicted of an aggravated felony after being admitted as a lawful permanent resident. The BIA dismissed Smith's appeal in a decision dated June 22, 2017, and we dismissed his petition for review for lack of jurisdiction. See C.A. No. 17-2540.

In August 2019, Smith was detained by immigration officials. In October 2019, two years after the BIA's 2017 decision, Smith filed a motion to reopen with the BIA. He alleged that he received ineffective assistance of counsel from the attorney who

2

represented him before the IJ.  Smith claimed that his attorney was ineffective for failing to advise him of his right to apply for a U-visa and a waiver of grounds of inadmissibility.  The BIA determined that the motion to reopen was untimely filed because Smith had not demonstrated due diligence.  Moreover, the BIA noted that Smith failed to comply with the procedural requirements for an ineffective assistance of counsel claim set forth in In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988).  Smith filed a timely petition for review.

The Government has filed a motion to dismiss the petition for lack of jurisdiction.  Because Smith is removable as an aggravated felon, the Government is correct that the Court lacks jurisdiction to review the denial of his claims for relief except for legal and constitutional claims.  See 8 U.S.C. § 1252(a)(2)(C)&(D).  In his brief, Smith argues for the first time that he is not removable based on recent opinions we have issued.  Normally, we would have jurisdiction to determine whether an alien is an aggravated felon and, as a result, subject to § 1252(a)(2)(C).  However, Smith has not exhausted these new arguments before the BIA, and we lack jurisdiction to consider them.  See 8 U.S.C. 1252(d)(1) (court may review final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right").

We now turn to Smith's challenge of the BIA's denial of his motion to reopen.  As a general rule, an alien may file only one motion to reopen and must do so within ninety days of the date of the final administrative decision.  8 U.S.C. § 1229a(c)(7)(A), (C)(i).  While the deadline for motions to reopen may be equitably tolled on the basis of ineffective assistance of counsel, equitable tolling is an extraordinary remedy.  See

3

Mahmood v. Gonzales, 427 F. 3d 248, 251, 253 (3d Cir. 2005). The alien must have acted with due diligence. Id. at 252. As noted above, the BIA denied the motion to reopen as untimely filed, determining that Smith did not show due diligence or comply with the procedural requirements for an ineffective assistance of counsel claim set forth in Lozada.

We have jurisdiction to review the BIA's determination that Smith failed to show due diligence. Guerrero-Lasprilla v. Barr, 140 S. Ct. 1062, 1068 (2020) (holding that the phrase "questions of law" in § 1252(a)(2)(D), includes the application of a legal standard to undisputed facts). Smith simply states that despite his due diligence, he did not learn of his attorney's alleged ineffectiveness until recently. He does not explain why he waited two years to seek reopening. Moreover, while he argues that his counsel was ineffective, he does not explain how he fulfilled the procedural requirements of Lozada before the BIA.[1] He suggests that the pandemic excuses the untimeliness of his grievance against his attorney, but his motion to reopen was filed in October 2019, before the pandemic began. Smith's arguments that he was denied a fair hearing before the IJ are not relevant to the BIA's determination that his motion to reopen was untimely. The BIA did not err in denying Smith's motion to reopen.

---

[1] Smith has submitted exhibits including complaint forms against his prior attorney. As the forms are dated July 26, 2020, they were not before the BIA and are not part of the administrative record. We may decide a petition for review based only on the administrative record. See 8 U.S.C. § 1252(b)(4)(A).

For the reasons discussed above, we will deny the petition for review. The Government's motion to dismiss and Smith's renewed motion to stay his removal are denied.